IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN TYRONE WILLIAMS SR., | |
| Plaintiff, | 8:24CV355 |
| vs. | |
| RD INDUSTRIES INC., | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on Plaintiff's Complaint filed on September 9, 2024. Filing No. 1. Plaintiff, a non-prisoner proceeding pro se, has also filed a Motion for Leave to Proceed in Forma Pauperis ("IFP"). Filing No. 2. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court will now conduct an initial review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2).

I. SUMMARY OF COMPLAINT

Plaintiff sues his former employer, RD Industries Inc. ("Defendant"), for discrimination, wrongful termination, and harassment under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101–1126. Filing No. 1 at 3–4. In totality, Plaintiff's statement of claim consists of the following: "I have 100% proof audio/video of what happened to me, showing I was discriminated against at its highest level from this company because of race, age and retaliation." Filing No. 1 at 4 (spelling and punctuation corrected). As relief, Plaintiff seeks $150,000 in damages.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." Stone v. Harry, 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true,

state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III.  DISCUSSION

Liberally construed, Plaintiff's action could be considered a federal employment discrimination action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and Title VII, as well as an action under NFEPA and the Nebraska Age Discrimination in Employment Act ("NADEA"), Neb. Rev. Stat. §§ 48-1001–1010.[1] To the extent the Complaint could also be construed as raising state-law employment discrimination claims under the NADEA and NFEPA, the same analysis would govern Plaintiff's claims under the ADEA and the NADEA, see *Billingsley v. BFM Liquor Mgmt., Inc.*, 645 N.W.2d 791, 801 (Neb. 2002), and Title VII and the NFEPA, see *Leiting v. Goodyear Tire & Rubber Co.*, 117 F.Supp.2d 950, 955 (D. Neb. 2000); *Father Flanagan's Boys' Home v. Agnew*, 590 N.W.2d 688, 693 (Neb. 1999). The Complaint, however, fails to allege that Plaintiff has exhausted his administrative remedies as required and fails to allege sufficient facts to state plausible discrimination claims.

**A.  Timeliness and Exhaustion of Remedies**

To pursue discrimination and retaliation claims under Title VII and the ADEA, a plaintiff must exhaust all administrative remedies.  To accomplish this, a plaintiff must seek relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC").  29 U.S.C. § 626(e) (ADEA); 42

---

[1] While Plaintiff also alleges "diversity of citizenship" as a basis for this Court's jurisdiction, *see* Filing No. 1 at 3, the Complaint's allegations fail to establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332 is proper here as both Plaintiff and Defendant appear to be Nebraska citizens.  See *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." (citation omitted)).

U.S.C. § 2000e-5(f)(1) (Title VII); *see also* *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

For an administrative charge to be "timely," the employee must either file it with the EEOC within 180 days of the alleged unlawful employment practice, or file it with a state or local agency within 300 days of the alleged unlawful practice. 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(1). In Title VII and ADEA cases, the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 29 U.S.C. § 626(e); 42 U.S.C. § 2000e-5(f)(1).

Here, Plaintiff has not alleged whether he has pursued any administrative remedies by filing a charge of discrimination with the EEOC or the NEOC, let alone whether he has exhausted his administrative remedies and received a right-to-sue notice. Thus, the Court cannot confirm whether Plaintiff has exhausted his administrative remedies and filed his Title VII and ADEA claims in a timely manner in this Court.[2]

**B. Sufficiency of the Complaint**

The ADEA protects individuals over 40 and prohibits an employer from failing or refusing to hire, discharging, or otherwise discriminating against any individual with

---

[2] To be clear, this exhaustion requirement would also apply to any claim asserted under the NFEPA or the NADEA.

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a); *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010). Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Even liberally construed, Plaintiff's Complaint does not allege a prima facie case of discrimination under either the ADEA or Title VII. Plaintiff does not allege that he is a member of a protected group, nor does he describe any circumstances that would give rise to an inference of discrimination based on his age or race. Indeed, Plaintiff does not allege any specific facts about the circumstances surrounding his termination from Defendant's employment. As such, Plaintiff has failed to allege facts to support a reasonable inference that Defendant is liable for racial or age discrimination, nor has he provided fair notice of the nature and basis or grounds for Plaintiff's discrimination, retaliation, and harassment claims.

## IV. CONCLUSION

As it stands, Plaintiff's Complaint fails to allege a claim against Defendant upon which relief may be granted. However, on its own motion, the Court will provide Plaintiff with the opportunity to amend his Complaint to (1) sufficiently allege Title VII and ADEA claims against Defendant and (2) to allege whether he exhausted his administrative remedies with the EEOC/NEOC with respect to his Title VII and ADEA claims and, if so, the date on which he received a right-to-sue notice. Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his age and race. Plaintiff may also reassert any of his state-law claims in his amended complaint and include additional factual allegations to address the deficiencies identified by this Court.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 2, is granted.

2. Plaintiff shall have 30 days to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the Court will result in the Court dismissing this case without further notice to Plaintiff. In his amended complaint, Plaintiff must comply with federal pleading requirements. Plaintiff should be mindful to describe how Defendant discriminated against Plaintiff on the basis of his age and race. To that end, Plaintiff may use the enclosed form civil complaint for employment discrimination if he so chooses.

3. In the event Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the Complaint, Filing No. 1, and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. The Court reserves the right to conduct further review of Plaintiff's claims in the event he files an amended complaint.

5. The Clerk of the Court is directed to send to Plaintiff the Pro Se 7 Form Complaint for Employment Discrimination.

6. The Clerk of the Court is directed to set a pro se case management deadline using the following text: **November 18, 2024**: amended complaint due.

Dated this 17th day of October, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge