IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN TYRONE WILLIAMS SR., <br><br> Plaintiff, <br><br> vs. <br><br> RD INDUSTRIES INC., <br><br> Defendant. | 8:24CV355 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's Amended Complaint, Filing No. 6, filed on October 28, 2024. On October 17, 2024, the Court conducted an initial review of Plaintiff's Complaint, Filing No. 1, and determined that it failed to allege a claim against Defendant upon which relief may be granted. Filing No. 5. The Court granted Plaintiff leave to amend his Complaint "to (1) sufficiently allege Title VII and ADEA claims against Defendant and (2) *to allege whether he exhausted his administrative remedies with the EEOC/NEOC with respect to his Title VII and ADEA claims and, if so, the date on which he received a right-to-sue notice*." *Id*. at 6 (emphasis added). Plaintiff then filed his Amended Complaint which, liberally construed, realleges his claims of discrimination, harassment, and retaliation. Filing No. 6. Plaintiff alleges he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 9, 2022, *Id*. at 5, and he attached a copy of a charge of discrimination filed with the Nebraska Equal Opportunity Commission ("NEOC") and the EEOC, *Id*. at 11. However, Plaintiff did not allege the date on which he received a right-to-sue notice, nor did Plaintiff include a copy of any right-to-sue notice with his Amended Complaint. *Id*. at 5.

Accordingly, on the Court's own motion, Plaintiff will be given 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of receipt of a right-to-sue notice from the EEOC/NEOC. Plaintiff is directed to file a copy of his right-to-sue notice from the EEOC/NEOC with his response to this order. In the alternative, Plaintiff may allege whether he exhausted his administrative remedies with the EEOC/NEOC and, if so, the date on which he received a right-to-sue notice. To the extent Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, he must show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period. If Plaintiff fails to file a copy of his right-to-sue notice or allege the date on which he received a right-to-sue notice or otherwise respond to this order, this matter will be dismissed without further notice.

IT IS THEREFORE ORDERED that:

1. Plaintiff will be given 30 days to show cause why this case should not be dismissed for his failure to file suit within 90 days of his receipt of a right-to-sue notice. To be clear, if Plaintiff did file suit within 90 days of his receipt of the right-to-sue notice, he need only file a copy of the right-to-sue notice and/or provide the date on which he received the right-to-sue notice in order to comply with this Memorandum and Order. However, if Plaintiff did not file suit within 90 days of his receipt of the right-to-sue notice, Plaintiff must also show that equitable or exceptional circumstances exist that warrant tolling of the 90-day period.

2. This matter will be dismissed without further notice if Plaintiff fails to comply with this Memorandum and Order.

3. The Clerk of the Court is directed to set the following pro se case management deadline in this matter: **December 26, 2024**: Deadline for Plaintiff to show cause.

4. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

Dated this 26th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge