IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CALVIN TYRONE WILLIAMS, SR.,<br><br>Plaintiff,<br><br>vs.<br><br>RD INDUSTRIES INC.,<br><br>Defendant. | 8:24CV355<br><br>MEMORANDUM AND ORDER REGARDING DEFENDANT'S MOTION TO DISMISS |

This case by *pro se* plaintiff Calvin Tyrone Williams, Sr., alleging race and age discrimination, is before the Court on defendant RD Industries' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Filing 13. For the reasons stated below, RD Industries' Motion is granted.

Williams filed his original Complaint in this matter on September 9, 2024. Filing 1. On October 17, 2024, the Court granted his motion to proceed *in forma pauperis* and gave him 30 days to file an amended complaint in accordance with the Court's directions. Filing 5 at 6. On October 28, 2024, Williams filed his Amended Complaint alleging race and age discrimination in employment against defendant RD Industries, Inc. Filing 6 at 4. On November 26, 2024, the Court entered an Order requiring Williams to show cause why this case should not be dismissed for his failure to file suit within 90 days of his receipt of a right-to-sue notice. Filing 7 at 2. On December 20, 2024, Williams filed a copy of a right-to-sue letter from the EEOC that he had purportedly received on June 14, 2024. Filing 8. On February 19, 2025, Williams paid the filing fee, so on February 20, 2025, this case was removed from the *pro se* docket and reassigned to the undersigned. Filing 9; Filing 10.

1

On February 28, 2025, Williams filed a Proof of Service indicating that on February 20, 2025, he sent a copy of the summons to RD Industries by "Fed-x" and that he also left the summons at the "individual's residence or usual place of abode" with an "Adult Employee." Filing 12 at 1. Williams added a handwritten note stating, "Summons was delivered by Fed-x Mail and Signed by Adult." Filing 12 at 1. However, Williams did not include a delivery receipt signed by anyone. *See* Filing 12.

On March 14, 2025, RD Industries filed the Motion to Dismiss now before the Court seeking dismissal without prejudice for insufficient service of process. Filing 13. In its supporting brief, RD Industries states that it has not had the opportunity to review the allegations in the Amended Complaint because PACER access is currently restricted to case participants only and because Williams sent a copy of only the summons to RD Industries without a copy of the Amended Complaint. Filing 14 at 1. RD Industries argues that it has not been properly served as required by Federal Rule of Civil Procedure 4 or Nebraska law for service upon a corporation. Filing 14 *passim*. Williams's only response to RD Industries' Motion is a filing on March 24, 2025, that states the following in its entirety:

> I only ask of the Courts to hear my story like the unemployment judge that overturned the untruthful information that was given to the Courts about how I left the job. Rd Industries has changed their story about my claims against them many times and I can prove it. Rd Industries is trying anything to not let the Courts see that I have video and audio proof that clearly shows that what I say happened did happen. My Videos and interactions with HR and many employees in management show and speak louder than the many different stories Rd Industries tries to tell. I have no Attorney all I have is the truth to show the Courts that RD Industries has shook my life to the core. I'm just a 54yr old Grandfather with over 25 Grandkids trying to be successful as possible.

Filing 18. This filing provides no argument and cites no authorities addressing the adequacy of Williams's service upon RD Industries. In a Reply filed March 31, 2025, RD Industries points

2

out the deficiency of Williams's response and reiterates the insufficiency of Williams's service of process. Filing 19. The Court agrees that RD Industries has not been properly served.

The Court first points out that a litigant's *pro se* status alone does not constitute good cause for failure to comply with rules of procedural or substantive law or orders of the Court. *United States v. Green*, 691 F.3d 960, 966 (8th Cir. 2012) ("The right of self-representation is not a license not to comply with relevant rules of procedural and substantive law, and [a litigant's] pro se status alone does not constitute good cause [for non-compliance]." (internal quotation marks and citations omitted)); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."). Thus, Williams's *pro se* status does not excuse him from compliance with applicable rules for service of process.

Federal Rule of Civil Procedure 12(b)(5) provides for a pre-answer motion to dismiss for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc., v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993). "In reviewing an order to dismiss for insufficient service of process, [the court of appeals] review[s] de novo the determination that service of process was insufficient and [it] review[s] for abuse of discretion the decision to dismiss the complaint." *Marshall v. Warwick*, 155 F.3d 1027, 1030 (8th Cir. 1998). Federal Rule of Civil Procedure 4 states the requirements for proper service. Fed. R. Civ. P. 4.; *Stephenson v. Bruno*, No. 4:14CV3097, 2015 WL 505550, at *4 (D. Neb. Feb. 6, 2015) ("A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) requires a defendant to demonstrate that the plaintiff failed to follow the procedures set forth in Federal Rule of Civil Procedure 4.").

Service of process in this case was "insufficient," Fed. R. Civ. P. 12(b)(5), because RD Industries has met its burden to show that Williams failed to meet the requirements of Rule 4.

*Stephenson*, 2015 WL 404440, at *4. First, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Williams has pointed to no evidence that he included a copy of the Amended Complaint with the summons purportedly served on RD Industries, while RD Industries has shown by affidavit and submission of a copy of the summons it received that no copy of the Amended Complaint was served. *See* Filing 16 at 1 (¶ 2); Filing 16-1. Furthermore, any service attempted by Williams himself, as indicated in his Proof of Service, Filing 12, is also insufficient. Rule 4 provides in part, "Any person who is at least 18 years old and not a party may serve a summons and complaint," Fed. R. Civ. P. 4(c)(2), but Williams is a party.

Rule 4 includes further requirements that Williams also failed to satisfy. Rule 4(h) provides for service on a corporation—like RD Industries—either in the same manner prescribed by Rule 4(e)(1) for serving an individual or by delivering a copy of the summons and complaint to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h). There is no indication that Williams sent the summons by Federal Express to "an officer, a managing or general agent, or any other authorized agent." Fed. R. Civ. P. 4(h)(1)(B); *see also* Filing 12 (showing a payment receipt for a Federal Express delivery addressed to "RD INDUSTRIES, INC.," at an address in Omaha, Nebraska). The alternative of serving a corporation in the same manner as an individual under Rule 4(e)(1), *see* Fed. R. Civ. P. 4(h)(1)(A), permits service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). The applicable state law is Nebraska Revised Statute § 25-505.01, which in pertinent part permits service by the following method,

4

> (d) Designated delivery service which shall be made by (i) within ten days of issuance, sending the summons by a designated delivery service to the defendant, (ii) obtaining a signed delivery receipt showing to whom and where delivered and the date of delivery, and (iii) filing with the court proof of service with a copy of the signed delivery receipt attached. As used in this subdivision, a designated delivery service means a delivery service designated as such pursuant to 26 U.S.C. 7502(f) and a signed delivery receipt includes an electronic or facsimile receipt with an image of the recipient's signature.

Neb. Rev. Stat. § 25-505.01(1)(d). Federal Express has been recognized as a "designated delivery service." *McBrady v. United States*, 167 F. Supp. 3d 1012, 1017 (D. Minn. 2016) (citing *Maine Med. Ctr. v. United States*, 675 F.3d 110, 118 (1st Cir. 2012), in turn citing 26 C.F.R. § 301.7502–1(e)(1), (2)). However, other requirements of state law have not been satisfied: there is no "signed delivery receipt" submitted to the Court, and the purported delivery receipt does not show "to whom" the summons and complaint were delivered and does not include "an electronic or facsimile receipt with an image of the recipient's signature." Neb. Rev. Stat. § 25-505.01(1)(d).

Accordingly, service of process on RD Industries was insufficient.

IT IS ORDERED that RD Industries Motion to Dismiss Plaintiff's Amended Complaint is granted, and this case is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5).

Dated this 22nd day of April, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge